IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**United States Courts**
**Southern District of Texas**
**ENTERED**

**SEP 2 5 2001**

**Michael N. Milby, Clerk of Court**

ALICIA GIMENEZ                                    }
                                                  }
            Plaintiff,                            }
                                                  }
vs.                                               }          CIVIL ACTION NO. H-00-1662
                                                  }
UNIVERSITY OF TEXAS HEALTH                        }
SCIENCE CENTER and                                }
HELEN GREENLEE, INDIVIDUALLY                      }
                                                  }
            Defendants.                           }


## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss (Inst. No. 7). After reviewing

the record and applicable case law, the Court concludes that the Motion to Dismiss is **GRANTED**.


## I. BACKGROUND

In 1997, Plaintiff Alicia Gimenez ("Gimenez")was employed as a staff nurse for Defendant

University of Texas Health Science Center ("UTHSC"). Defendant Helen Greenlee ("Greenlee")

was her supervisor at the time. In December, Gimenez experienced complications with her

pregnancy, for which Gimenez claims her doctor placed her on strict bed rest.

Due to these complications, Gimenez applied for leave under the Family Medical Leave Act

("FMLA"), which UTSHC granted. Gimenez alleges that after being placed on leave she began to

receive threatening and harassing telephone calls from Greenlee, who was herself on leave at the

time. (Pl.'s Resp. to Defs.' Mot. to Dismiss p. 4). Gimenez further contends that Defendants

published information stating that Plaintiff had falsified documents from her physician,

#22

misrepresented to Gimenez that they did not have the proper reports and other paperwork to continue her leave under FMLA, threatened criminal prosecution if Gimenez failed to return her keys and pager to Defendants, falsely misrepresented to Gimenez that she would be placed on rehire status, and falsely reported to Plaintiff's insurance company that Plaintiff's job duties were sedentary to prevent Plaintiff from qualifying for disability payments.

Plaintiff originally filed suit in the 152nd Judicial District of Harris County, Texas. Greenlee properly removed to the federal district court for the Southern District of Texas. However, on November 19, 1999 the honorable Sim Lake dismissed Gimenez's claim for want of prosecution. Gimenez filed the present action on May 18, 2000. Gimenez alleges violations of the Pregnancy Discrimination Act ("PDA"), the Family Medical Leave Act ("FMLA"), the Texas Commission on Human Rights Act ("TCHRA"), and various state tort claims. Greenlee and UTHSC now move for dismissal based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of Federal Procedure.

## II. STANDARD OF REVIEW

In reviewing the sufficiency of a complaint in response to a motion to dismiss under rule 12(b)(6), before any evidence has been submitted, the court's task is limited. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its claims. *Id.* The district court should consider all pleaded facts in the complaint. *Lawal v. British Airways*, PLC, 812 F. Supp. 713, 716 (S.D. Tex. 1992). Dismissal is not appropriate "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle him to relief. Nevertheless, conclusory allegations or legal conclusions masquerading as factual conclusions do not defeat a motion to

dismiss. *Fernandez-Montes v. Allied Pilot Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

## III. DISCUSSION

### A.    Pregnancy Discrimination Act

Gimenez alleges that Greenlee and UTHSC's actions during the time she was absent from work due to her pregnancy violated the Pregnancy Discrimination Act. 42 U.S.C. § 2000e(k) (1994). The Pregnancy Discrimination Act amends Title VII which makes it unlawful, in pertinent part, for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual, or his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act expanded the definition of discrimination based on sex to include ". . . on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions. . ." 42 U.S.C. § 2000e (k).

Greenlee and UTHSC contend that Gimenez's claim under the Pregnancy Discrimination Act is barred by limitations. Under Title VII, an aggrieved party is required to exhaust all administrative remedies prior to bringing a civil action. *See Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997) (stating that "[t]he filing of an administrative complaint is a jurisdicitional prerequisite to a Title VII action.") (citing *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995)).

In the present case there is no evidence that Gimenez ever filed any kind of administrative action. Gimenez merely asserts that *Urbano v. Continental Airlines, Inc.*, cited by Greenlee and UTHSC, does not address whether a plaintiff is required to file with the E.E.O.C. prior to bringing a civil action under the Pregnancy Discrimination Act. 138 F.3d 204 (5th Cir. 1998). Gimenez is correct in stating that *Urbano* does not address the issue. However, the reason the *Urbano* court

does not address the issue is that the plaintiff in *Urbano* did file a timely charge with the E.E.O.C. and received a right-to-sue letter which she acted upon within the statutory period.

The Pregnancy Discrimination Act is clearly a part of Title VII.  Furthermore, as the court stated in *Urbano*, a "claim under the [Pregnancy Discrimination Act] is analyzed like Title VII discrimination claims in general."*Id* at 206. Gimenez cites no authority to demonstrate that claims arising under the Pregnancy Discrimination Act are not subject to the administrative remedy exhaustion requirement.  Therefore, the court concludes that Gimenez's claim under the Pregnancy Discrimination Act is not properly before the court with respect to both Greenlee and UTHSC for failure to exhaust her administrative remedies.

## B.   Family Medical Leave Act

Gimenez further alleges that Greenlee and UTHSC's actions during her pregnancy-related absence from work constituted a violation of the Family Medical Leave Act (FMLA). The relevant provision of the FMLA states that an eligible employee is entitled to take leave totaling twelve weeks per calender year:

> (A)Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
> *   *   *
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
> 29 U.S.C. § 2612(a)(1)(A) & (D).

UTHSC contends that it is immune from Gimenez's claim under FMLA.

The court turns first to UTHSC's claim of sovereign immunity. Gimenez does not dispute the fact that UTHSC is a state entity. UTHSC is an agent of the state of Texas under the Texas Human Resource Code § 21.001 *et seq.* (Vernon 1990). The question is, therefore, whether UTHSC,

- *4* -

as a state entity, is immune from regulation under the FMLA.

The fundamental principle behind the Eleventh Amendment sovereign immunity is the implicit rule that federal courts do not have jurisdiction over suits brought by private individuals against nonconsenting states. *See Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000). This bar to jurisdiction, however, is lifted where a state consents to jurisdiction or if immunity is abrogated by Congress acting pursuant to its enforcement power under Section 5 of the Fourteenth Amendment. *Id.* Greenlee does not contend, nor does the court find any evidence suggesting, that Texas consented to jurisdiction in federal court for suits under the FMLA. The crucial question, therefore, is whether Congress abrogated Texas' immunity in enacting the statute.

The Fifth Circuit recently addressed this issue. In *Kazmier v. Widmann*, a former employee of the Louisianna Department of Social Services alleged that she was dismissed after taking leave because of an injury to herself, and later to care for her father, in violation of the FMLA. 225 F.3d 519 (5th Cir. 2000). The court held that the suit was barred by the Eleventh Amendment. The court reasoned that Congress's authority to abrogate immunity depends on two factors: (1) the type of classification at issue and (2) the evidence in the Congressional record of an identified pattern of actual constitutional violations by the states. *See Id* at 524 (citing *Kimel*, 528 U.S. 62). In regards to types of classifications, Congress's authority is most broad under the Fourteenth Amendment when it is dealing with constitutionally suspect classifications like race, religion, national origin, and sex. *Id.* Congress's authority is most restricted where it is attempting to address classifications that are not constitutionally suspect. Furthermore, there must be specific evidence in the Congressional record of an identified pattern of discrimination on the part of the states. Turning to the plaintiff's claim that she was entitled to leave because of an injury to herself and to care for her father, the court held that neither were suspect classifications. Classes of people who care for their family members

ClibPDF - www.fastio.com

or who have a health condition are not analogous to classes based on race, religion, national origin or sex. Therefore, for example, states "may discriminate on the basis of disability without offending the Fourteenth Amendment as long as the classification in question is rationally related to a legitimate state interest." *Id* at 528. Accordingly, in enacting the provisions of the FMLA pertaining to disabilities, Congress was acting where its authority is most narrow.  The court went on to conclude that nothing in the Congressional record indicated an identified pattern of discrimination against individuals with disabilities by the states. Consequently, there " is simply no 'Fourteenth Amendment evil' to which subsection (D)" is targeted.  Immunity was not abrogated.

However, the plaintiff in *Kazmier* did not request leave because of a pregnancy-related condition.  Clearly such a condition is more closely related to sex than is a general disability.  In dicta, however, the Fifth Circuit specifically rejected the idea that discrimination based on pregnancy is analogous to discrimination based on sex.  With respect to subsection (D), the provision relating to leave for serious health conditions the court stated:

> . . . we reject the notion that subsection (D) targets sex discrimination.  The legislative record demonstrates that Congress was concerned with discrimination on the basis of *pregnancy*, which is not the same thing as broad based discrimination on the basis of *sex*.  The Supreme Court has held that discrimination on the basis of pregnancy does not violate the Equal Protection Clause. [citing *Geduldig v. Aiello*, 417 U.S. 484 (1974)] To the extent that subsection (D) targets such discrimination, it does not fall within Congress's enforcement powers under Section 5 of the Fourteenth amendment.
> *Id* at 527.

Because discrimination on the basis of either disability or pregnancy does not fall within Congress's enforcement power, the court concludes that Texas' Eleventh Amendment immunity was not abrogated.

Gimenez, however, citing *Knussman v. State of Maryland*, asserts that 42 U.S.C. § 1983 permits her to sue UTHSC for a violation of the FMLA. 16 F.Supp.2d 601 (D. Md. 1998).  Section

ClibPDF - www.fastio.com

1983 provides a federal cause of action "against any person who, acting under color of state law, deprives another person of his federal rights." *Conn v. Gilbert*, 526 U.S. 286, 290 (1999). The Supreme Court has clearly held that a "state" does not fall within the definition of a "person" for purposes of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). UTHSC is an agency created through state law. TEX. HUM. RES. CODE ANN. § 21.001 *et seq.* Therefore, UTHSC is not amenable to suit under § 1983.

Gimenez also asserts that Greenlee is individually liable for a violation of the FMLA. Section 2615 of the FMLA states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 42 U.S.C. § 2615(a)(1). An "employer" is defined by the FMLA, in part, as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." In this sense, Greenlee herself was acting as an employer towards Gimenez because she, as supervisor, was acting in the interests of UTHSC. However, because UTHSC is immune from suit under the Eleventh Amendment, that immunity extends to Gimenez for any action taken in her official capacity.

## C. TCHRA and State Tort Claims

Gimenez further asserts that Gimenez, in her individual capacity, harassed, inflicted emotional distress, and tortiously interfered with Gimenez's insurance benefits in violation of Texas tort law. Moreover, Gimenez argues that both Greenlee and UTHSC violated a Texas statute which prohibits discrimination on the basis of sex or pregnancy, childbirth, or related medical conditions. However, because the court concludes that the two federal claims pled by Gimenez must be dismissed, the only causes of action left are based in state law. In *Parker & Parsley Petroleum Co. v. Dresser Industries, et al.*, the Fifth Circuit stated that "if the federal claims are dismissed before

trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 972 F.2d 580, 585 (5th Cir. 1992). The present case is still in the very early stages of litigation. Therefore, the remaining state tort claims are dismissed.

## IV.  CONCLUSION

Gimenez's claim under the Pregnancy Discrimination Act is not properly before the court because she failed to exhaust, or even begin, the administrative remedies required by Title VII. Furthermore, under *Kazmier v. Widmann,* the recent Fifth Circuit case, Congress did not abrogate Texas' sovereign immunity under the Eleventh Amendment with respect to the provisions of the Family Medical Leave Act relating to time off for serious disabilities and pregnancy. UTHSC, as a state agency, is immune.  Greenlee is, accordingly, immune for all actions performed in her official capacity.  Furthermore, because the case is still in the very early stages of litigation, the court dismisses the remaining claims arising out of state law.

Accordingly, the Court

> **ORDERS** that Greenlee and UTHSC's motion to dismiss is **GRANTED.**

> **SIGNED** at Houston, Texas, this 24ᵗʰ day of September, 2001.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE